ANDREW M. ZACKS (SBN 147794)
RYAN J. PATTERSON (SBN 277971)
ZACKS & FREEDMAN, P.C.
235 Montgomery Street, Suite 400
San Francisco, CA  94104
Tel:  (415) 956-8100
Fax: (415) 288-9755

Attorneys for Plaintiff
AIDS HEALTHCARE FOUNDATION, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, SUPERVISOR SCOTT WEINER,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>[42 U.S.C. § 1983]<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that the controversy arises under the United States Constitution and under 42 U.S.C. § 1983.  Venue is proper pursuant to 28 U.S.C. § 1391(a) in that all defendants reside in this judicial district and the events giving rise to the claims occurred in this district.

2. Plaintiff AIDS Healthcare Foundation (AHF) is a nonprofit corporation established in the state of California.

3. Defendant City and County of San Francisco ("City") is an incorporated municipality of the State of California. Defendant Board of Supervisors of the City and County of San Francisco ("Board of Supervisors") is the legislative body of defendant City.

4. Supervisor Scott Weiner ("Weiner") is a member of the Board of Supervisors and the chairman of the Board of Supervisors' Land Use and Economic Development Committee and is named herein in those official capacities.

## STATEMENT OF FACTS

5. AHF is an independent nonprofit healthcare organization dedicated to providing cutting-edge medicine and advocacy to patients living with HIV/AIDS. AHF has provided needed healthcare, specialty pharmacy, and prevention and testing services to underserved safety-net patients in San Francisco for approximately 12 years.

6. On or about May 13, 2011, AHF filed an unrelated lawsuit against the City Department of Public Health in San Francisco Superior Court Case No. CPF-11-511310.

7. AHF seeks to move its San Francisco medical office and pharmacy a short distance within the city, from 100 Church Street, San Francisco, CA, to 518 Castro Street, San Francisco, CA (the "Project Site"), and to consolidate them with another existing pharmacy currently located around the corner from the Project Site at 4071 18th Street, San Francisco, CA. AHF signed a lease for the Project Site and, on or about November 12, 2013, applied for a building permit from the City to open a medical office and pharmacy at the Project Site (San Francisco Building Permit Application No. 201311121689, the "Permit"), (hereinafter the "Project").

8. On or about January 13, 2014, the City approved and issued the Project's Permit.

9. On or about January 23, 2014, City Zoning Administrator Scott Sanchez ("Zoning Administrator") issued a suspension request for the Permit (the "Suspension Request"). The Suspension Request asserted that the Permit sought to change the use of a space greater than 2,000 square feet, which required Conditional Use Authorization under San Francisco Planning Code ("Planning Code") Section 178(e)(6), and "suggested" that the pharmacy portion of the Project may qualify as a formula retail use under Planning Code Section 703.4. In a nutshell, a formula retail use is a chain store with formulaic features, such as a common brand name.

10. On or about February 7, 2014, AHF appealed the Suspension Request to the San Francisco Board of Appeals ("Board of Appeals"), a quasi-judicial municipal appellate body with jurisdiction over City building permits. A hearing on the appeal was held on March 19, 2014. The Board of Appeals agreed with AHF and held that the Project does not require conditional use authorization for use of a space greater than 2,000 square feet. The Board of Appeals also upheld the portion of the Zoning Administrator's Permit Suspension Request regarding possible formula retail use.

11. Subsequent to the Board of Appeals hearing, AHF, with the knowledge and approval of the Planning Department, revised the proposed Project by changing the Project's business name from "AHF Pharmacy" to a new local name, "Castro Pharmacy." As a result, the Zoning Administrator determined that the proposed Project did not qualify as a formula retail use, and conditional use authorization is not required.

Thereafter, on or about April 18, 2014, the Zoning Administrator issued a Release of Suspension Request ("Release") so that the Project could move forward under the Permit.

12. However, before the Release could go into effect, the Release was appealed on or about May 5, 2014 to the Board of Appeals on the grounds that it allows the pharmacy portion of the Project to proceed without conditional use authorization for formula retail use (the "Second Appeal"). The appellants were two neighborhood organizations and a self-proclaimed HIV/AIDS activist: the Duboce Triangle Neighborhood Association, the Castro/Upper Market Community Benefit District, and Laura Thomas.

13. The Second Appeal was heard on June 11, 2014 (the "Second Hearing").

14. On the day of the Second Hearing, Supervisor Weiner inserted himself into the quasi-judicial process with a letter to the Board of Appeals. His letter opposed AHF, stating, "I urge you to support the appeal . . . ."

15. The Board of Appeals continued the matter until August 20, 2014 (the "Third Hearing"), ostensibly to receive additional evidence.

16. In the meantime, Supervisor Weiner introduced Resolution No. 238-14 (the "Resolution") to the Board of Supervisors with the barest, minimal public notice. The Resolution was heard in the Board of Supervisors' Land Use and Economic Development Committee on July 7, 2014, was passed by the full Board of Supervisors the next day, July 8, 2014, and was signed by the Mayor on July 18, 2014.

17. Weiner is the County Supervisor for District 8, in which the Project Site is located. He is the Chairman of the Board of Supervisors' Land Use & Economic

Development Committee. Weiner proposed the Resolution and ushered it through his three-member committee.

18. The Resolution created interim (temporary) zoning controls (the "Controls") for the Castro Neighborhood Commercial District, in which the Project Site is located. The only discernable reason for rushing the Resolution through the legislative process at breakneck speed was to put the Resolution into effect prior to AHF's Third Hearing at the Board of Appeals.

19. Under the Controls, if a project in the Castro Neighborhood Commercial District (where AHF's Project is located) has been found to be formula retail, the project will be subject to conditional use review under Planning Code Section 303(i) as a formula retail use, even if that project is later amended so that it no longer qualifies as a formula retail use. The intended effect is that AHF's Project will be subjected to special formula-retail restrictions *even though* the Zoning Administrator determined that the Project is not a formula retail use.

20. AHF is informed and believes that no other project in the Castro Neighborhood Commercial District has been initially proposed as a formula retail use and subsequently amended such that it no longer qualifies as a formula retail use.

21. Under the Controls, if a project sponsor begins by proposing a project that qualifies as formula retail, but later amends the proposal such that it no longer qualifies as formula retail, then the amended project will still be subject to the special formula-retail restrictions even though it is not a formula retail use. However, if another project sponsor proposes a project that is *identical* to the amended project above from the get-go (*i.e.*, it is not initially a formula retail use), then the proposed project will *not* be subject to the

special formula-retail restrictions. In this case, had AHF started out the Project with the intention to name it "Castro Pharmacy," the question of formula retail use never would have been implicated. Only one factor determines whether special formula-retail restrictions apply: the identity of the applicant.

22. An actual controversy has arisen and now exists between the parties relating to the applicability of the Controls to AHF and the Project, for which AHF desires a declaration of rights.

23. A declaratory judgment is necessary in that AHF contends and Defendants deny that the Controls are invalid and unenforceable, including as applied to AHF and the Project.

**COUNT ONE AGAINST ALL DEFENDANTS**
**VIOLATION OF 42. U.S.C. § 1983**
**BY VIOLATION OF EQUAL PROTECTION**

24. AHF incorporates by reference paragraphs 1-23.

25. It is intended that the Controls subject AHF's proposed Project to special permitting requirements that are not imposed on similar uses. If applied as intended, the Controls would require AHF to seek and obtain Conditional Use Authorization – a discretionary application process at the San Francisco Planning Commission that is costly, lengthy, subject to political influence from factions hostile to AHF, and designed to deny permits unless a majority of the Planning Commission votes in favor of Conditional Use Authorization.

26. Defendants' enactment of the Controls is irrational, unreasonable, arbitrary, and capricious, and it is the result of Defendants' ill will toward AHF.

27. The Controls draw an irrational distinction between a) *non*-formula-retail uses that were originally proposed as formula-retail uses (and later amended), and b) *non*-formula-retail uses that were not originally proposed as formula-retail uses.

28. Any proffered rational basis by Defendants for their conduct is a pretext.

29. There is no legitimate basis for discriminating against a use that does not qualify as formula retail merely because a *previous* proposal at the Project Site may have qualified as formula retail.

30. The Controls are a de facto classification based on the identity of the user, rather than the nature of the use.

31. The Controls are intended only to apply to one user: AHF.

32. Specifically, the Controls are intended to discriminate against AHF because:

    A) AHF operates *other* uses that qualify as formula retail, even though the proposed Project does not qualify as formula retail;

    B) AHF has advocated for controversial policies, including mandatory condom usage in the adult film industry, that are opposed by other HIV/AIDS advocacy organizations and activists in Weiner's district and which are favored by Weiner;

    C) It is feared that AHF's proposed Project would compete against other established HIV/AIDS healthcare providers located in Weiner's district and which are favored by Weiner;

    D) AHF did not seek or obtain the blessing of local politically influential neighborhood organizations in Weiner's district and which are favored

by Weiner, including the Castro/Upper Market Community Benefit District and the Duboce Triangle Neighborhood Association; and

E) AHF previously filed a lawsuit against the City Department of Public Health (San Francisco Superior Court Case No. CPF-11-511310, hereinafter the "Prior Lawsuit").

33. Defendants' intended result is to change the legal standard by which the Board of Appeals decides AHF's pending Appeal in the Second Hearing, to make it more costly and time-consuming for AHF to obtain a permit, with the ultimate goal of forcing AHF to give up the Project.

34. Defendants' enactment of the Controls is the result of an orchestrated campaign of official harassment directed against AHF out of sheer malice.

35. By unlawfully discriminating against AHF, Defendants have deprived AHF of the equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

**COUNT TWO AGAINST ALL DEFENDANTS**
**VIOLATION OF 42. U.S.C. § 1983 BY**
**DENIAL OF DUE PROCESS OF LAW**

36. AHF incorporates by reference paragraphs 1-35.

37. Defendants' enactment of the Controls has no legitimate public purpose.

38. Defendants' enactment of the Controls is not reasonably related to furthering a legitimate public purpose.

39. Subjecting *non*-formula-retail uses to special formula-retail requirements is irrational and does not further a legitimate public purpose.

40. The Controls are unreasonable as applied to the Project.

**COUNT THREE AGAINST ALL DEFENDANTS**
**VIOLATION OF 42. U.S.C. § 1983 BY**
**VIOLATION OF U.S. CONSTITUTION, AMENDMENT I**
**RETALIATION FOR EXERCISING FIRST AMENDMENT RIGHT**

41. AHF incorporates by reference paragraphs 1-40.

42. AHF engaged in protected First Amendment activities by filing the Prior Lawsuit against Defendant City in state court and by publicly advocating controversial HIV/AIDS-related healthcare policies.

43. AHF is informed and believes and thereon alleges that Defendants enacted the Controls in retaliation against AHF for engaging in its aforementioned protected First Amendment activities.

44. AHF is further informed and believes and thereon alleges that Defendants' enactment of the Controls would not have occurred but for AHF's engaging in the aforementioned protected First Amendment Activities.

**PRAYER**

By reason of the foregoing acts, AHF prays the Court:

1. Enjoin the unlawful acts of the Defendants, specifically that Defendants be enjoined from applying the Controls to AHF or the Project;

2. For a declaration of the Controls' invalidity and inapplicability to AHF and the Project;

3. For an award of damages in the amount of $500,000;

4. For an award of attorney's fees and costs as allowed by law; and

5. For any other relief that the Court deems just and proper.

Date: August 1, 2014                     ZACKS & FREEDMAN, P.C.
                                         235 Montgomery Street, Suite 400
                                         San Francisco, CA 94104

                                         By:    /s/ *Ryan J. Patterson*
                                                Ryan J. Patterson
                                                Attorneys for AHF


### **DEMAND FOR JURY TRIAL**

Plaintiff AHF hereby demands trial by jury.

Date: August 1, 2014                     ZACKS & FREEDMAN, P.C.
                                         235 Montgomery Street, Suite 400
                                         San Francisco, CA 94104

                                         By:    /s/ *Ryan J. Patterson*
                                                Ryan J. Patterson
                                                Attorneys for AHF