ANDREW M. ZACKS (SBN 147794)
RYAN J. PATTERSON (SBN 277971)
ZACKS & FREEDMAN, P.C.
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Tel: (415) 956-8100
Fax: (415) 288-9755

TOM MYERS (SBN 176008)
SAMANTHA AZULAY (SBN 283424)
AIDS Healthcare Foundation
6255 W. Sunset Boulevard, 21st Floor
Los Angeles, California 90028
Tel:  (323) 860-5200
Fax:  (323) 467-8450

Attorneys for Plaintiff
AIDS HEALTHCARE FOUNDATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, SUPERVISOR SCOTT WIENER, CITY AND COUNTY OF SAN FRANCISCO BOARD OF APPEALS,<br><br>Defendants. | Case No.: 3:14-cv-03499<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>[42 U.S.C. § 1983; Cal. Civ. Proc. Code § 1085 or § 1094.5]<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:     Hon. Richard Seeborg |

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,

in that the controversy arises under the United States Constitution and under 42 U.S.C. §

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

1983. Venue is proper pursuant to 28 U.S.C. § 1391(a) in that all defendants reside in this judicial district and the events giving rise to the claims occurred in this district.

2.      Defendant City and County of San Francisco ("City") is an incorporated municipality of the State of California. Defendant Board of Supervisors of the City and County of San Francisco ("Board of Supervisors") is the legislative body of Defendant City.

3.      Defendant Supervisor Scott Wiener ("Wiener") is a member of the Board of Supervisors and the chairman of the Board of Supervisors' Land Use and Economic Development Committee and is named herein in those official capacities.

4.      Defendant City and County of San Francisco Board of Appeals ("Board of Appeals") is a quasi-judicial municipal appellate body with authority to hear appeals of building permits, as well as orders, requirements, decisions, and determinations made by the Zoning Administrator. Defendants are sometimes hereinafter collectively referred to as "Defendants," and each one as a "Defendant."

## STATEMENT OF FACTS

5.      AHF is an independent nonprofit healthcare organization dedicated to providing cutting-edge medicine and advocacy to patients living with HIV/AIDS. AHF has provided needed healthcare, specialty pharmacy, and prevention and testing services to underserved safety-net patients in San Francisco for approximately 12 years.

6.      On or about May 13, 2011, AHF filed an unrelated lawsuit against the City Department of Public Health in San Francisco Superior Court Case No. CPF-11-511310.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

7.      AHF previously operated two medical care facilities in San Francisco. It operates a standalone pharmacy at 4071 18th Street, San Francisco, CA. AHF also operated an HIV/AIDS outpatient medical clinic and pharmacy at 100 Church Street, San Francisco, CA. AHF seeks to consolidate its medical clinic and pharmacies into one site, located at 518 Castro Street, San Francisco, CA (the "Project Site"), which is approximately 312 feet from AHF's existing standalone pharmacy. This consolidation thus would reduce, not expand the number of pharmacies AHF operates in San Francisco. AHF signed a lease for the Project Site and, on or about November 12, 2013, applied for a building permit from the City to open a medical office and pharmacy at the Project Site (San Francisco Building Permit Application No. 201311121689, the "Permit"), (hereinafter the "Project").

8.      On or about January 13, 2014, the City approved and issued the Project's Permit.

9.      On or about January 23, 2014, City Zoning Administrator Scott Sanchez ("Zoning Administrator") issued a suspension request for the Permit (the "First Suspension Request"). The First Suspension Request asserted that the Permit sought to change the use of a space greater than 2,000 square feet, which required Conditional Use Authorization under Planning Code Section 178(e)(6), and noted that "it has been suggested that the proposed space may be considered a Formula Retail Use under the Planning Code," Section 703.4, and that AHF be allowed to "address the question of any new Formula Retail Use at the site, and if necessary seek Conditional Use authorization." It did not contain a determination that the Project was a formula retail use. In a nutshell, a formula retail use is a chain store with formulaic features, such as a common brand name.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

10.     On or about February 7, 2014, AHF appealed the First Suspension Request to the Board of Appeals. A hearing on the appeal was held on March 19, 2014. The Board of Appeals agreed with AHF and held that the Project does not require conditional use authorization for use of a space greater than 2,000 square feet. The Board of Appeals also upheld the portion of the First Suspension Request to address the question "with respect to the issue of formula retail."

11.     Subsequent to the March 19, 2014 Board of Appeals hearing, AHF, with the prior knowledge of and in consultation with the Planning Department, revised the proposed Project by changing the Project's business name from "AHF Pharmacy" to a new name, "Castro Pharmacy." As a result, the Zoning Administrator determined that the proposed Project did not fit the statutory definition of a formula retail use, and conditional use authorization is not required. Thereafter, on or about April 18, 2014, the Zoning Administrator issued a Release of Suspension Request ("Release") so that the Project could move forward under the Permit.

12.     However, before the Release could go into effect, the Release was appealed on or about May 5, 2014 to the Board of Appeals on the grounds that it allows the pharmacy portion of the Project to proceed without conditional use authorization for formula retail use (the "Second Appeal"). The appellants were two neighborhood organizations and a self-proclaimed HIV/AIDS activist: the Duboce Triangle Neighborhood Association, the Castro/Upper Market Community Benefit District, and Laura Thomas.

13.     The Second Appeal was heard on June 11, 2014 (the "Second Hearing").

14.     On the day of the Second Hearing, Supervisor Wiener inserted himself into the quasi-judicial process with a letter to the Board of Appeals. His letter opposed AHF, stating, "I urge you to support the appeal . . . ."

15.     The Board of Appeals continued the matter until August 20, 2014 (the "Third Hearing"), ostensibly to receive additional evidence.

16.     On approximately June 24, 2014, Supervisor Wiener introduced Resolution No. 238-14 (the "Resolution") to the Board of Supervisors with the barest, minimal public notice. Normally, resolutions are subject to a 30 day hold, noticing of all properties within 300 feet of the affected zoning district, and published advertising of the proposed resolution. However, in order to facilitate the quick passage of the resolution, and have it apply to AHF's project prior to the next hearing, the resolution was deemed by Wiener to be a matter of an "urgent nature," and the City waived the 30 day hold. The Resolution was heard in the Board of Supervisors' Land Use and Economic Development Committee on July 7, 2014, was passed by the full Board of Supervisors the next day, July 8, 2014, and was signed by the Mayor on July 18, 2014. A true and correct copy of the Resolution is attached hereto as **Exhibit A** and is publicly accessible at https://sfgov.legistar.com/View.ashx?M=F&ID=3184463&GUID=D1CDEB88-9817-463D-942E-744CD82CABE4.

17.     Wiener is the County Supervisor for District 8, in which the Project Site is located. He is the Chairman of the Board of Supervisors' Land Use & Economic Development Committee. Wiener proposed the Resolution and ushered it through his three-member committee.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

18.     San Francisco's formula retail use laws, codified as Planning Code Section 303.1, apply to large swaths of the City, including the following:

A)  All Neighborhood Commercial Districts in Planning Code Article 7, including the Castro Street Neighborhood Commercial District;

B)  All Mixed Use-General Districts in Planning Code Section 840;

C)  All Urban Mixed Use Districts in Planning Code Section 843;

D)  All Residential-Commercial Districts as defined in Planning Code Section 206.3;

E)  Japantown Special Use District as defined in Planning Code Section 249.31;

F)  Chinatown Community Business District as defined in Planning Code Section 810.1;

G)  Chinatown Residential/Neighborhood Commercial District as defined in Planning Code Section 812.1;

H)  Western SoMa Planning Area Special Use District as defined in Planning Code Section 823;

I)  Residential Transit-Oriented Districts as defined in Planning Code Sections 206.4 and 206.5;

J)  Limited Conforming Use/Non-Conforming Use in RH-RM-RTO and RED Districts;

K)  Third Street Formula Retail Restricted Use District, as defined in Planning Code Section 786;

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

L)  The C-3-G District with frontage on Market Street, between 6th Street and the intersection of Market Street, 12th Street and Franklin Street;

M)  Hayes-Gough Neighborhood Commercial Transit District; and

N)  North Beach Neighborhood Commercial District.

19.    It is claimed by Defendants that AHF's actions with respect to its Permit "exploited a loophole" in the formula retail law, whereby a proposed project that putatively fit the definition of formula retail could be altered by changing one feature of the project (here, the name of the pharmacy), and the project no longer would fit the definition of formula retail and not be subject to the formula retails requirements.

20.    Despite the fact this perceived "loophole" exists for any project located in any district in San Francisco subject to the formula retail laws, the Resolution created interim (temporary) zoning controls (the "Controls") *only* for the Castro Neighborhood Commercial District, in which the Project Site is located. The only discernable reason for rushing the Resolution through the legislative process at breakneck speed was to put the Resolution into effect prior to AHF's Third Hearing at the Board of Appeals.

21.    Under the Controls, if a project in the Castro Neighborhood Commercial District, *and only in the Castro Neighborhood Commercial District* (where AHF's Project is located)*,* has been determined to be formula retail, the project will be subject to conditional use review under Planning Code Section 303(i) as a formula retail use, even if that project is later amended so that it no longer fits the statutory definition of a formula retail use. The intended effect is that AHF's Project will be subjected to special formula-retail restrictions *even though* the Zoning Administrator determined that the Project is not a formula retail use.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

22.     On information and belief, no other project in the Castro Neighborhood Commercial District has been alleged to have been determined to be a formula retail use and subsequently amended such that it no longer qualifies as a formula retail use.

23.     Under the Controls, if a project sponsor in the Castro Neighborhood Commercial District begins by proposing a project that qualifies as formula retail, but later amends the proposal such that it no longer qualifies as formula retail, then the amended project will still be subject to the special formula-retail restrictions even though it is not a formula retail use. However, if another project sponsor proposes a project that is *identical* to the amended project above from the get-go (*i.e.*, it is not initially a formula retail use), then the proposed project will *not* be subject to the special formula-retail restrictions. In this case, had AHF started out with the intention to name the Project "Castro Pharmacy," the question of formula retail use never would have been implicated. Only one factor determines whether special formula-retail restrictions apply: the identity of the applicant.

24.     In addition, in any other district in San Francisco where the formula retail laws are applicable, if a project sponsor takes the *exact same* path as AHF (i.e., proposes a project, and then revises it), *that project will not be considered formula retail, and will not be required to go through the conditional use process.*

25.     The Board of Appeals held the Third Hearing on August 20, 2014 and dismissed the Second Appeal "as moot based on the applicability of [the Controls]."

26.     On August 27, 2014, after the Second Appeal was dismissed, the Zoning Administrator issued a new suspension request (the "Second Suspension Request"), requesting that the director of the City and County of San Francisco Department of

Building Inspection suspend the pharmacy portion of the Permit. The Second Suspension

Request is based on the purported applicability of the Controls to AHF and its Project.

27.     On November 18, 2014, the San Francisco Board of Supervisors finally

passed File No. 140844, an enacted ordinance amending the San Francisco Planning

Code (hereinafter, the "Final Controls Ordinance"), which imposes permanent

restrictions on the establishment of formula retail uses and does *not* contain the offensive

provision of the interim Controls which subjects non-formula-retail uses to formula retail

controls. The Final Controls Ordinance was signed by the Mayor on November 26, 2014.

By its terms, it "shall not apply to any complete application that was submitted to the

Planning Department on or before October 24, 2014 – thereby excluding the Project from

its reach. It is publicly accessible at

https://sfgov.legistar.com/View.ashx?M=F&ID=3395376&GUID=E968AE34-63B8-

4B9B-850C-DFAE0F2A9FD8, and a true and correct copy is attached hereto as **Exhibit

B**.

28.     On October 27, 2014, the San Francisco Board of Supervisors proposed

File No. 141131, a draft ordinance amending the San Francisco Planning Code

(hereinafter, the "Proposed Final Controls"). The Proposed Final Controls address issues

regarding formula retail use. However, unlike the Final Controls Ordinance, the Proposed

Final Controls have not been enacted. They were referred to the Planning Department on

December 3, 2014. As presently proposed, the Proposed Final Controls *do* contain the

offensive provision of the interim Controls which subjects non-formula-retail uses to

formula-retail controls. They are publicly accessible at

https://sfgov.legistar.com/View.ashx?M=F&ID=3378790&GUID=F7227663-A0FE-

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

4900-ADD6-0951A2903CE1, and a true and correct copy is attached hereto as **Exhibit C**.

29.     Defendants have finally determined that the Controls apply to AHF and the Project. That determination is erroneous.

30.     An actual controversy has arisen and now exists between the parties relating to the applicability of the Controls to AHF and the Project, for which AHF desires a declaration of rights.

31.     A declaratory judgment is necessary in that AHF contends and Defendants deny that the Controls are invalid and unenforceable, including as applied to AHF and the Project.

32.     AHF has sustained damages due to, inter alia, lost sales revenue, Project construction delays, and duplicative rent for its pharmacy at 4071 18th Street, San Francisco, CA.

33.     Pursuant to the Court's Order Granting Motion to Dismiss First Amended Complaint With Leave to Amend, AHF omits its state law claim for a writ of mandate but reserves all rights to appeal the dismissal of that claim.

**COUNT ONE AGAINST ALL DEFENDANTS**
**VIOLATION OF 42 U.S.C. § 1983**
**BY VIOLATION OF EQUAL PROTECTION**

34.     AHF incorporates by reference paragraphs 1-33.

35.     It is intended that the Controls subject AHF's proposed Project to special permitting requirements that are not imposed on similar uses. Without judicial relief, the City will require AHF to seek and obtain Conditional Use Authorization – a discretionary application process at the San Francisco Planning Commission that is costly, lengthy,

1    subject to political influence from factions hostile to AHF, and designed to deny permits

2    unless a majority of the Planning Commission votes in favor of Conditional Use

3    Authorization.

4        36.    At the Second Hearing, on June 11, 2014, a man named Dennis Richards

5    addressed the Board of Appeals as the representative of appellant Duboce Triangle

6    Neighborhood Association. Dennis Richards was then a member of said appellant's

7    Board of Directors and is a former president of said appellant.

8        37.    If the Controls are held to validly apply to AHF and its Project, then AHF

9    will be required to seek to obtain Conditional Use Authorization from the Planning

10   Commission. Dennis Richards, the appellant's representative in the Second Appeal

11   against AHF, was appointed as a member of the Planning Commission on or about July

12   29, 2014.

13       38.    A variance is legally unavailable and inapplicable to the Controls.

14       39.    Defendants' enactment of the Controls is irrational, unreasonable,

15   arbitrary, and capricious, and it is the result of Defendants' ill will toward AHF.

16       40.    The Controls draw an irrational distinction between a) *non*-formula-retail

17   uses that were originally proposed as formula-retail uses (and later amended), and b) *non*-

18   formula-retail uses that were not originally proposed as formula-retail uses.

19       41.    Any proffered rational basis by Defendants for their conduct is a pretext.

20   The proffered basis for the Controls – that they close a supposed "loophole" in the

21   formula retail laws – is belied by the fact that that same "loophole" still exists for all

22   projects throughout San Francisco, save in the Castro Neighborhood Commercial

23   District. The Controls, which apply only in the Castro Neighborhood Commercial

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

District, does not close the "loophole" throughout San Francisco. It closes it only for AHF's project.

42.     There is no legitimate basis for discriminating against a use that does not qualify as formula retail merely because a *previous* proposal at the Project Site may have qualified as formula retail.

43.     In requiring AHF to seek and obtain Conditional Use Authorization under the Controls, Defendants treat AHF differently from other similarly situated permit applicants whose projects likewise do not qualify as formula retail.

44.     The Controls are a de facto classification based on the identity of the user, rather than the nature of the use.

45.     The Controls are intended only to apply to one user: AHF.

46.     Specifically, the Controls are intended to discriminate against AHF because:

> A)  AHF operates *other* uses that may qualify as formula retail, even though the proposed Project does not qualify as formula retail;
>
> B)  AHF has advocated for controversial policies, including cautions to individuals, community organizations, and governmental bodies about the widespread scale-up of PrEP for HIV prevention (see paragraphs 59-73, infra) and advocacy for mandatory condom usage in the adult film industry, that are opposed by other HIV/AIDS advocacy organizations and activists in Wiener's district who are favored by Wiener. In addition, AHF's PrEP policy is opposed by Wiener himself;

C) It is feared that AHF's proposed Project would compete against other established HIV/AIDS healthcare providers located in Wiener's district and which are favored by Wiener. For example, on information and belief, AHF believes that Wiener has personally facilitated the enactment of an ordinance (Ordinance No. 154-14, accessible at https://sfgov.legistar.com/View.ashx?M=F&ID=2576790&GUID=4D AA1B5F-F97A-46B2-98B1-BA10801CA143, a true and correct copy of which is attached as **Exhibit D**) to benefit San Francisco AIDS Foundation's (SFAF) clinic construction project, which is being built in the Castro. Referring to that ordinance, Wiener wrote on his Twitter social media account on July 9, 2013, "Board of Supervisors passed my legislation allowing the SF AIDS Foundation to pursue a comprehensive HIV health center on Castro Street." SFAF supports Wiener's position regarding PrEP, as set forth below. SFAF opposed releasing AHF's Permit.

D) AHF did not seek or obtain the blessing of local politically influential neighborhood organizations in Wiener's district and which are favored by Wiener, including the Castro/Upper Market Community Benefit District and the Duboce Triangle Neighborhood Association; and

E) AHF previously filed a lawsuit against the City Department of Public Health (San Francisco Superior Court Case No. CPF-11-511310, hereinafter the "Prior Lawsuit").

47.     Defendants' intended result was to change the legal standard by which the Board of Appeals decided the Second Appeal, to make it more costly and time-consuming for AHF to obtain a permit, with the ultimate goal of forcing AHF to give up the Project.

48.     Defendants' enactment of the Controls is the result of an orchestrated campaign of official harassment directed against AHF out of sheer malice.

49.     By unlawfully discriminating against AHF, Defendants have deprived AHF of the equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

### COUNT TWO AGAINST ALL DEFENDANTS<br>VIOLATION OF 42 U.S.C. § 1983 BY<br>DENIAL OF DUE PROCESS OF LAW

50.     AHF incorporates by reference paragraphs 1-49.

51.     Defendants' enactment of the Controls has no legitimate public purpose.

52.     Defendants' enactment of the Controls is not reasonably related to furthering a legitimate public purpose. The proffered basis for the Controls – that they close a supposed "loophole" in the formula retail laws – is belied by the fact that that same "loophole" still exists for all projects throughout San Francisco, save in the Castro Neighborhood Commercial District. The Controls, which apply only in the Castro Neighborhood Commercial District, do not close the "loophole" throughout San Francisco. They close it only for AHF's project.

53.     Subjecting *non*-formula-retail uses to special formula-retail requirements is irrational and does not further a legitimate public purpose.

54.     The Controls are unreasonable as applied to the Project.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

55.     AHF has an interest in and right to the Permit and to develop its Project.

56.     The Controls, as enacted and applied, arbitrarily, capriciously, improperly, and unreasonably deprive AHF of its property interests without due process of law. The Controls are intended to apply only to AHF and its Project.

57.     Moreover, Defendants have applied the Controls to suspend the Permit, even though the Controls are not legally applicable. There was no prerequisite determination of formula retail use.

## COUNT THREE AGAINST ALL DEFENDANTS
## VIOLATION OF 42 U.S.C. § 1983 BY
## VIOLATION OF U.S. CONSTITUTION, AMENDMENT I
## RETALIATION FOR EXERCISING FIRST AMENDMENT RIGHT

58.     AHF incorporates by reference paragraphs 1-57.

59.     AHF engaged in protected First Amendment activities by filing the Prior Lawsuit against Defendant City in state court and by publicly advocating controversial HIV/AIDS-related healthcare policies.

60.     Specifically, AHF is the most prominent critic of widespread use of pre-exposure prophylaxis, or "PrEP." PrEP involves a person without HIV taking a drug originally approved to treat HIV infection once a day, as a means of preventing that person from becoming infected with HIV. PrEP is sold under the brand name "Truvada."

61.     For at least the last two years, AHF has continuously, very loudly, and very forcefully argued against the adoption of PrEP as a widely used method of attempting to prevent HIV infection. AHF's primary objection is two-fold. First, the studies researching PrEP have shown that most people taking it did not adhere to the once-daily requirement, and skipped many doses. It is unclear that PrEP is effective when not taken daily. Second, AHF is concerned that people taking PrEP will engage in "risk

compensation," a term describing a situation wherein individuals who believe themselves to have protection for something behave in more risky manner, *e.g.* drivers wearing seatbelts driving more recklessly. This is an observable phenomenon across many areas of human behavior. AHF is concerned that people who take PrEP, but do not adhere to a daily regimen, will also engage in risk compensation, and engage in riskier sexual behaviors including reduced condom use. As a result, AHF is concerned that widespread PrEP use may exacerbate both HIV and other types of sexually transmitted disease infection.

62.     For at least the past two years, AHF has very publicly promoted its position. In in the first half of 2014 alone, AHF's position has been covered in USA Today, the New York Times, The Huffington Post, Reason Magazine, Al-Jazeera television, and numerous publications serving the gay community and the HIV positive community.

63.     AHF's position on PrEP is highly controversial within the HIV/AIDS healthcare community and has drawn fierce opposition from other HIV/AIDS healthcare organizations, including other HIV/AIDS activists and organizations in San Francisco.

64.     AHF's position on PrEP also is highly controversial to Supervisor Wiener. Based on information and belief, Wiener is and was aware of AHF's position at all relevant times. On or about September 17, 2014, Supervisor Wiener publicly announced in a blog post and in interviews that he takes Truvada daily as PrEP. (Scott Wiener, *Coming Out of the PrEP Closet*, Huffington Post Gay Voices, Sept. 17, 2014, http://www.huffingtonpost.com/scott-wiener/coming-out-of-the-prep-closet_b_5832370.html.) In this post, Wiener acknowledges the political risks involved in

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

making this public pronouncement, but nevertheless concludes it is the right thing to do because of his conviction of the importance of this issue: "As an elected official, disclosing this personal health decision was a hard but necessary choice."

65.     The importance of this issue is that Supervisor Wiener believes that PrEP can play a crucial role in ending HIV infection. He has stated, "People don't need to continue to get infected, and we know that PrEP has the potential to help stop the epidemic in its tracks by ending new HIV infections."

66.     Supervisor Wiener believes that more people should consider taking PrEP and can benefit from taking PrEP. However, he believes that people have been slow to discuss, consider, and take PrEP due to "stigma" surrounding it. Helping to remove the stigma from PrEP is one of the reasons he publicly announced that he is taking it. In a September 17, 2014 article in the *New York Times*, Wiener is quoted as saying, "I definitely struggled with the decision about whether to be public about this because people will make a lot of assumptions and speculate," . . . "But in the end I thought it was very important to be public given the district I represent and the community I represent precisely because we need to remove the stigma from PrEP." In a September 18, 2014 interview with National Public Radio, Wiener is quoted as saying: "In order for PrEP to be successful, we have to do three things. . . . We need to raise awareness about it, make sure people know about it. . . . We need to secondly remove the stigma around it, so people are able to talk about it, are able to consider it, and finally, we need to expand access."

67.     One of the "stigmas" surrounding PrEP is the issue of "risk compensation," of people taking PrEP engaging in more risky behavior.

68.      Wiener rejects this augment and believes it is stigmatizing and discouraging knowledge and use of PrEP. In the Huffington Post piece, Wiener states, "Some critics also view PrEP as a license for people to engage in risky behavior and assert that it will cause non-HIV sexually transmitted infections to increase. No study to date has shown that those using PrEP increase risky behavior – such as reducing condom usage compared with before using PrEP – and there is evidence to the contrary. Indeed, this line of thinking – that promoting an effective prevention method will lead to irresponsible behavior – resembles some of the phony arguments used to attack the HPV vaccine by suggesting that getting vaccinated will lead young girls down a path to promiscuity." In a September, 18, 2014 article in SFGate, Wiener is quoted as saying, "There are some people who are convinced PrEP is going to make people reckless, but that's a bogus argument. It's the same argument we've heard around birth control, and it's very antipublic health," Wiener said. "There's always a lot of judgment around sex." Wiener is further quoted in the article as saying, "People need to feel comfortable talking about these issues and not think they're going to be stigmatized or denigrated if they talk about using it."

69.      In his blog post, Wiener writes, "PrEP needs to be easily available to all communities and all income levels through public healthcare programs, including Medicaid." (Id.) In the same blog post Wiener criticizes the arguments against PrEP, including those espoused by AHF. The same blog post notes that "organizations like San Francisco AIDS Foundation, Project Inform, and the AIDS Vaccine Advocacy Coalition have been working on the front lines to ensure that the promise of PrEP is fully realized." SFAF was one of the opponents of the release of AHF's Permit, as noted above.

70.     On or about September 18, 2014, San Francisco Supervisor David Campos announced that he will introduce legislation to publicly subsidize Truvada sales in San Francisco. (Amanda Holpuch, *Truvada Has Been Called the 'Miracle' HIV Pill – So Why Is Uptake So Slow?*, The Guardian (Sept. 18, 2014), http://www.theguardian.com/world/2014/sep/18/truvada-mircle-pill-prevent-hiv-controversy/print (quoting AHF President Michael Weinstein in opposition to PrEP, and citing Defendant Wiener's support of PrEP).) That same day, Defendant Wiener spoke at a rally at City Hall in support of Supervisor Campos' proposal.

71.     On November 4, 2014, the Board of Supervisors finally passed Ordinance No. 229-14 (a true and correct copy of which is attached as **Exhibit E**), allocating $301,600 for "for HIV prevention support for access to PreExposure Prophylaxis." That ordinance was approved by the Mayor on or about November 13, 2014.

72.     AHF is informed and believes and thereon alleges that Defendants enacted the Controls in retaliation against AHF for engaging in its aforementioned protected First Amendment activities.

73.     AHF is further informed and believes and thereon alleges that Defendants' enactment of the Controls would not have occurred but for AHF's engaging in the aforementioned protected First Amendment Activities. It is Wiener's intent to punish AHF for speech he considers stigmatizing, and to chill further expression of these stigmatizing ideas, so that wider-scale use of PrEP (and the hoped-for reduction in HIV infection) can occur. As Wiener states in the Huffington Post piece, "As an elected official in this role, I have an obligation to do everything in my power to support those

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

living with HIV, increase public awareness about effective HIV prevention, and reduce

stigma and shame."

### **PRAYER**

By reason of the foregoing acts, AHF prays the Court:

1.      Enjoin the unlawful acts of the Defendants, specifically that Defendants be enjoined from applying the Controls to AHF or the Project;

2.      For a declaration of the Controls' invalidity and inapplicability to AHF and the Project;

3.      For an award of damages in the amount of $500,000;

4.      For an award of attorney's fees and costs as allowed by law; and

5.      For any other relief that the Court deems just and proper.


Date: February 10, 2015                         ZACKS & FREEDMAN, P.C.
                                                235 Montgomery Street, Suite 400
                                                San Francisco, CA 94104

                                                By:      /s/ Ryan J. Patterson
                                                         Ryan J. Patterson
                                                         Attorneys for AHF

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff AHF hereby demands trial by jury.

3

4

Date: February 10, 2015                    ZACKS & FREEDMAN, P.C.

5                                                             235 Montgomery Street, Suite 400
San Francisco, CA 94104

6

7                                                             By:      _/s/ Ryan J. Patterson_
Ryan J. Patterson

8                                                                      Attorneys for AHF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28